**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| JOSHUA ROBIN, | § | |
| | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:26-cv-952 |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| TOTAL RECOVERY SERVICES, INC. | § | JURY TRIAL DEMANDED |
| and THE LAW OFFICES OF | § | |
| BRADLEY KIM THOMAS II, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT**

COMES NOW, through undersigned counsel, comes Plaintiff **Joshua Robin** ("Plaintiff" or "Mr. Robin"), who respectfully alleges as follows:

**I. INTRODUCTION**

1. This is an action for actual damages, statutory damages, costs, and attorney's fees brought by an individual consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), arising out of Defendants' unlawful efforts to collect an alleged consumer medical debt from Plaintiff.

2. Defendants' conduct included (a) the use of obscene and profane language directed at Plaintiff during a telephone call concerning the alleged debt; and (b) the attempted collection of a Louisiana consumer debt by entities not registered as collection agencies / debt

collectors with the Louisiana Secretary of State as required by La. R.S. § 9:3534.1, and which were therefore not legally authorized to engage in debt collection activities in Louisiana.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d), which expressly provides for federal-court jurisdiction over actions arising under the FDCPA.

4. Venue is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. §§ 98(b) and 1391(b) because Plaintiff resides in East Baton Rouge Parish, Louisiana — a parish within this District — and a substantial part of the events giving rise to Plaintiff's claims, including Defendants' receipt of telephone communications from Plaintiff and their delivery of written collection communications to Plaintiff in this District, occurred in this District.

## III. PARTIES

5. Plaintiff Joshua Robin is a natural person of the full age of majority and a resident of East Baton Rouge Parish, Louisiana, with a residential address of 12213 Faircrest Avenue, Baton Rouge, Louisiana 70816. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Total Recovery Services, Inc. ("TRSI") is, on information and belief, an Indiana corporation with its principal place of business and mailing address at 11623 Coldwater Road, Suite 103, Fort Wayne, Indiana 46845. TRSI's own collection correspondence states that "Total Recovery Services, Inc. is a debt collector," and TRSI is registered with the Louisiana Secretary of State as a "Collection Agency." TRSI uses the instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection

of debts and regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another. TRSI is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

7. Defendant The Law Offices of Bradley Kim Thomas II, LLC ("BKT II") is, on information and belief, an Indiana limited liability company with its principal place of business at 11623 Coldwater Road, Suite 104, Fort Wayne, Indiana 46845 — the same building as Defendant TRSI. BKT II's own collection correspondence expressly states that "The Law Office of Bradley Kim Thomas II is a debt collector" and that the firm "represent[s] our client Total Recovery Services, Inc., the collection agency for Hematology/Oncology Clinic." BKT II uses the instrumentalities of interstate commerce and the mails in a business that regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another, and the collection of debts is a principal purpose of the firm's practice. BKT II is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

A. The Underlying Alleged Medical Account.

8. The alleged, defaulted debt at issue arose out of medical services rendered to Plaintiff by Hematology/Oncology Clinic on or about October 3, 2024 — services obtained for personal, family, or household purposes. The alleged debt is therefore a "debt" within the meaning of 15 U.S.C. § 1692a(5).

9. The original creditor, Hematology/Oncology Clinic, a division of American Oncology Partners, P.A., issued Plaintiff a billing statement dated April 7, 2025 reflecting an Amount Due of $450.00, described in the statement as Plaintiff's "fourth and final statement."

10. On information and belief, the original creditor placed the alleged account with Defendant TRSI for collection on or about January 6, 2026.

B. Defendants' Initial Collection Communications.

11. On or about January 8, 2026, Defendant TRSI sent Plaintiff a written initial collection ("dunning") letter at his Baton Rouge residence. The letter is signed by TRSI, identifies TRSI as "a debt collector," references account number 5403949-122225, and demands payment of $518.35.

12. Plaintiff timely disputed the alleged debt in writing, requested verification pursuant to 15 U.S.C. § 1692g, and asked Defendant TRSI to provide "documentation that shows you are licensed to conduct collections in my state."

13. Plaintiff also communicated with Defendant TRSI by text message, including a message requesting "the assignment of rights or chain of title showing TRS bought the debt from the original creditor." Defendant TRSI sent Plaintiff automated SMS messages through its short code 30821 in connection with the alleged debt.

14. On or about February 12, 2026, Defendant TRSI mailed Plaintiff a letter signed by "Dan Walsh, Account Representative," demanding payment of $523.52. TRSI did not provide the documentation of its authority to collect debts in Louisiana that Plaintiff had requested.

C. Defendant TRSI's Profane Telephone Outburst.

15. After receiving TRSI's dunning correspondence and continuing to receive automated text messages from TRSI, Plaintiff placed a telephone call to Defendant TRSI for the purpose of, among other things, again requesting documentation showing that TRSI had been assigned the alleged debt by the original creditor and was authorized to collect it.

16. During that telephone call, a female TRSI representative answered Plaintiff's call and spoke with Plaintiff about the alleged debt. When Plaintiff requested proof that TRSI had

been assigned the alleged account, the TRSI representative told Plaintiff that she was "transferring" him to another representative who could assist him.

17. Instead of transferring Plaintiff, however, the TRSI representative — while Plaintiff remained on the line — called Plaintiff a **"f**king a**hole"** (using the unredacted profanity) and then immediately disconnected the call. No transfer ever occurred.

18. Defendant TRSI's representative engaged in this profane outburst in connection with the collection of the alleged debt, on a TRSI telephone line, while acting within the course and scope of her employment with TRSI. TRSI is vicariously and directly liable for her conduct.

D. Defendants' Continuing Collection Efforts.

19. On or about March 4, 2026, Defendant BKT II sent Plaintiff a written collection letter on letterhead reading "The Law Office of Bradley Kim Thomas II." That letter expressly states that BKT II "is a debt collector" and that the firm "represent[s] our client Total Recovery Services, Inc., the collection agency for Hematology/Oncology Clinic for services provided on 10/03/24 for account number 5403949-122225." The letter demands payment of $526.48.

20. On or about April 7, 2026, Defendant TRSI sent Plaintiff yet another collection letter, again signed "Dan Walsh, Account Representative." That letter demanded payment of $531.51 and stated that TRSI had "previously turned this account over to our attorney's office for representation" — referring to BKT II — and instructed Plaintiff to direct all future contact to BKT II.

21. On the same day — April 7, 2026 — Defendant BKT II sent Plaintiff its own follow-up collection letter, signed "/s/ Bradley Kim Thomas II, Attorney at Law," in which BKT II demanded payment of $531.51.

E. Defendants Were Not Authorized to Collect Consumer Debts in Louisiana.

22. Louisiana law requires any person or entity whose principal business is the collection of debts owed to another, or who regularly collects or attempts to collect such debts from Louisiana consumers, to register with the Louisiana Secretary of State as a collection agency / debt collector. *See* La. R.S. § 9:3534.1. The statute expressly exempts only attorneys licensed to practice law in Louisiana.

23. On information and belief, Defendant Bradley Kim Thomas II is licensed to practice law solely in the State of Indiana. He is not, and at all times relevant to this action was not, admitted to practice law in the State of Louisiana. The attorney exemption to La. R.S. § 9:3534.1 therefore does not apply to him or to his law firm.

24. On information and belief, Defendant BKT II has never registered with the Louisiana Secretary of State as a collection agency or debt collector. BKT II therefore was not, and is not, legally authorized to engage in debt collection activities directed at Louisiana consumers.

25. Defendant TRSI was likewise not registered with the Louisiana Secretary of State as a collection agency at any time prior to March 31, 2026, as reflected on TRSI's registration record on file with the Louisiana Secretary of State (Charter No. 46954604I, registration date 3/31/2026).

26. Each of the following collection communications was therefore sent at a time when the sending Defendant was not authorized under Louisiana law to engage in debt collection activities directed at Louisiana consumers:

a. TRSI's January 8, 2026 dunning letter;

b. TRSI's February 12, 2026 letter;

c. BKT II's March 4, 2026 dunning letter;

d. BKT II's April 7, 2026 follow-up letter;

e. The TRSI representative's telephone communications with Plaintiff described in Section IV.C above; and

f. Each automated SMS message that TRSI sent to Plaintiff prior to March 31, 2026 in connection with the alleged debt.

27. Registration under La. R.S. § 9:3534.1(B) is what entitles a collection agency to act as such in Louisiana. Construing that statute, this Court has held that a collection agency defendant was "legally registered and thus entitled to act as a collection agency in Louisiana." McLain v. Head Mercantile Co., No. 16-780, 2017 WL 3710073 (M.D. La. Aug. 28, 2017). Neither Defendant here was so registered when it engaged in the debt collection activity directed at Plaintiff described above, and neither was therefore entitled to act as a collection agency in Louisiana.

## V. CAUSES OF ACTION

### COUNT ONE
### Violations of 15 U.S.C. § 1692d and § 1692d(2)
### (Against Defendant TRSI)

28. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

29. 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d(2) specifically prohibits "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

30. The conduct of Defendant TRSI described in Paragraphs 15 through 18 above — including the profane epithet its representative directed at Plaintiff while acting within the course and scope of her employment, and the false assurance of a transfer that immediately preceded it — was conduct the natural consequence of which is to harass, oppress, and abuse, and constituted the use of obscene and profane language and language the natural consequence of which is to abuse the hearer, in violation of 15 U.S.C. § 1692d and § 1692d(2).

31. As a direct and proximate result of Defendant TRSI's violations, Plaintiff has suffered actual damages in the form of emotional distress, fear, embarrassment, humiliation, indignation, and anger. Those emotional injuries have manifested physically in Plaintiff in the form of difficulty falling asleep and waking early with racing thoughts; loss of appetite; chest tightness and an elevated, racing heart rate; gastrointestinal upset and nausea; fatigue and exhaustion; a marked reluctance to answer telephone calls and text messages from numbers he does not recognize; and anxiety upon checking his mail. Plaintiff has also suffered the loss of time and resources spent attempting to address Defendants' conduct. Plaintiff is also entitled to recover statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

**COUNT TWO**
**Violations of 15 U.S.C. § 1692e, § 1692e(2)(B), and § 1692e(10) —**
**Collection Without Authority Under Louisiana Law**
**(Against All Defendants)**

32. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

33. 15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2)(B) specifically prohibits the false representation of "any services rendered or

compensation which may be lawfully received by any debt collector for the collection of a debt," and Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

34. Each Defendant represented to Plaintiff, expressly and by implication, that it was lawfully entitled to demand and receive payment of the alleged debt from him. Those representations were false. As described in Paragraphs 22 through 27 above, La. R.S. § 9:3534.1(B) provides that any collection agency or debt collector doing business in Louisiana "shall register with the secretary of state," and under La. R.S. § 1:3 that word is mandatory. Defendant TRSI did not register until March 31, 2026 — after its January 8, 2026 dunning letter, its February 12, 2026 letter, its text messages, and the telephone call described above. On information and belief, Defendant BKT II has never registered at all. However, neither Defendant was entitled to act as a collection agency in Louisiana when it made the demands described in Paragraphs 11 through 21 above, and each Defendant's representation of a present right to collect was therefore false when made.

35. Defendant BKT II made the further false representation that it was lawfully authorized to act as collection counsel against a Louisiana consumer. It sent Plaintiff collection correspondence on law-firm letterhead, one item of which was signed "/s/ Bradley Kim Thomas II, Attorney at Law." Under La. R.S. § 37:212(A)(2)(c), the practice of law includes, for consideration, "[t]he doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right." Mr. Thomas is licensed to practice law solely in the State of Indiana, and La. R.S. § 9:3534.1(D) withholds its safe harbor from R.S. 37:212 unless the collector acts "through an attorney licensed

to practice law by the Supreme Court of Louisiana." See Poirier v. Alco Collections, Inc., 107 F.3d 347 (5th Cir. 1997).

36. The least sophisticated consumer receiving Defendants' correspondence would understand each Defendant to be asserting a present legal entitlement to collect the alleged debt in Louisiana, and would have no way to know otherwise. Those misrepresentations were material and violated 15 U.S.C. § 1692e, § 1692e(2)(B), and § 1692e(10).

37. As a direct and proximate result of Defendants' violations, Plaintiff has suffered actual damages. Upon receiving each of Defendants' written demands for payment — including correspondence sent on law-firm letterhead and signed by an attorney — Plaintiff experienced fear and anxiety concerning his immediate financial position and the prospect of legal action against him, together with the physical manifestations of emotional distress described in Paragraph 31 above. Plaintiff further incurred out-of-pocket expense responding to demands that Defendants were not entitled under Louisiana law to make. Plaintiff prepared and mailed a written dispute and request for verification to Defendant TRSI, receipt of which TRSI acknowledged in its letter of February 12, 2026, and a second written dispute and request for verification to Defendant BKT II, which BKT II acknowledged receiving on March 25, 2026. For each mailing Plaintiff bore the cost of postage and materials and the cost of fuel to travel to the post office, and devoted his own time to preparing and sending it. Plaintiff is also entitled to recover statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joshua Robin respectfully prays that this Court enter judgment in his favor and against Defendants Total Recovery Services, Inc. and The Law Offices of Bradley Kim Thomas II, LLC, as follows:

A. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. For an award of maximum statutory damages of $1,000.00 per Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. For an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

D. For pre- and post-judgment interest as allowed by law; and

E. For such other and further relief, at law or in equity, as this Court may deem just and proper.

## VII. JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues so triable, pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

/s/ Niko A. Imbraguglio
Niko A. Imbraguglio, La. Bar No. 37392 (Lead Attorney)
PARAMOUNT LAW
3014 Dauphine St., Ste. A #26107
New Orleans, Louisiana 70117
Telephone: (504) 321-8383
Facsimile: (918) 895-9774
Email: nai@paramount-law.net

**ATTORNEY FOR PLAINTIFF**